E-FILED
Monday, 02 June, 2014  12:47:34 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| SCOTT HOUZENGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-4072 |
| | ) | |
| CITY OF MOLINE, ILLINOIS, and TODD ALLEN, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

# **O R D E R**

This matter is now before the Court on Plaintiff's Motion for Reconsideration from the granting of Defendants' Motion for Summary Judgment. For the reasons set forth below, the Motion for Reconsideration [30] is DENIED.

## DISCUSSION

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit v. CBI Industries, 90 F.3d 1264, 1269 (7th Cir. 1996). Furthermore, it is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider. Id. at 1270.

Plaintiff seeks reconsideration of the Court's April 14, 2014, Order based on the suggestion that the Court erroneously concluded that he did not demonstrate an adverse employment action. Specifically, Plaintiff suggests that the Court failed to consider the delay in investigating his grievance and his denial of a promotion in 2012 under either his discrimination

or retaliation claims. In support of his first argument, Plaintiff cites <u>Velikonja v. Gonzales</u>, 466 F.3d 122 (D.C.Cir. 2006), but his reliance is misplaced. In <u>Velikonja</u>, the plaintiff was employed by the FBI and alleged that the FBI referred her to their investigations unit to prevent her from receiving promotions until the complaints were resolved, and the FBI admitted that this would constitute an adverse employment action. Accordingly, a lengthy and protracted investigation would have increased the time during which the plaintiff was denied career-enhancing assignments and promotions. That was not the case here, as Plaintiff requested the investigation – there was no evidence that it was thrust upon him for some ulterior purpose. Nor was there evidence that Plaintiff was penalized by denial of career-enhancing assignments or promotions which his grievance was investigated. In other words, the delay in investigating Plaintiff's complaints in this case does not come close to rising to the level found to be an adverse employment action in <u>Velikonja</u>.

Next, Plaintiff challenges the Court's determination that his failure to be promoted to the rank of lieutenant in 2012 was not an adverse employment action. Plaintiff's claim was based on his suggestion that his oral interview score was unexpectedly low despite his leadership experience and classes that he had taken, which "creates a clear inference that he was denied a promotion as a result of invidious discrimination." Contrary to Plaintiff's suggestion, the Court did not find that a failure to promote could never constitute an adverse employment action. Rather, it simply did not under the facts of this case. The only record evidence cited in support of this brief claim is Plaintiff's deposition, which actually stated that he couldn't say for sure that his interviewer scored him low for any certain reason and that he didn't know why he received a low score on his oral interview. (Houzenga Dep. at 10-12) He made the promotion list, but was

2

not ultimately selected. He does not know who was selected for the promotion or how their scores or qualifications compared to his, and there is no indication that any of the superior officers involved in the 2009-10 situations were involved in the promotion decision more than two years later in 2012.

Even assuming that Plaintiff's self-serving descriptions of his own skill and qualifications are correct, failure to promote requires a showing that the employee who was promoted requires a showing that the employee who was promoted was not a member of the protected class and was not better qualified. Nichols v. Southern Illinois University - Edwardsville, 510 F.3d 772, 783 (7th Cir. 2007). As Plaintiff has no idea who was promoted, much less what their qualifications were, the record was simply devoid of any factual basis to make reach such a conclusion. Based on this record, no reasonable juror would make the leap from the fact that he received a lower oral interview score than he would have expected to the conclusion that he was denied a promotion as a result of invidious discrimination on the basis of his gender. Having failed to demonstrate a manifest error of law or fact, his Motion for Reconsideration [30] is denied.

ENTERED this 2nd day of June, 2014.

S/ James E. Shadid
James E. Shadid
Chief United States District Judge